EeaesoN, J.
 

 In
 
 Buie
 
 v.
 
 Buie,
 
 2 Ire. Rep. 87, the Judge, below, charged “ whether the presumption of payment was repelled or not, was not to be left as an open question of fact for the jury : for, if so, and the lapse of time had no more than its natural weight as a circumstance bearing upon the question of payment, the act of Assembly would amount to nothing; whereas the law intended to give to the lapse of time an artificial and technical weight, so as to require the jury to presume a payment unless the presumption was repelled; and it was a question of law for the court what circumstances, if true, were sufficient to repel it.” This instruction was approved of by the supremo court.
 

 This decision was not supposed to conflict with
 
 Matthews
 
 v.
 
 Smith, 2
 
 Dev. and Bat. Rep. 287;
 
 McKinder
 
 v.
 
 Littlejohn,
 
 1 Ire. Rep. 67, where it is held
 
 “
 
 proof that the debtor had the means or opportunity of paying, is in law sufficient to repel the presumption.” This doctrine was acted upon and reaffirmed in
 
 McKinder
 
 v.
 
 Littlejohn,
 
 4 Ired. 198, where the ruling of the Judge below,
 
 i. e.,
 
 “ to repel the presumption, the evidence must satisfy the jury, that the obligor
 
 could not, and in point of fact, did not
 
 pay the bond, ” is sanctioned by the court.
 

 So the law is settled.
 
 Mr. Moore,
 
 for the plaintiff, drew in
 
 *158
 
 question the soundness of this doctrine “ upon the reason of the thing,” and put this case : one owes ten debts of $1000, and has property only to the amount of $1000: if the fact of his owning this propert}', is sufficient.to prevent the presumption of payment from being repelled when an action is brought by one of the ten creditors, it must be on the assumption that property to the value of $1000, has paid debts to the amount of $10,000 ! which is impossible in the nature of things.
 

 Carry out the argument: one owes ten debts of $1000 each, and has property only to the value of $9000; if the fact of his owning this property is sufficient to prevent the presumption of payment from being repelled when an action is brought by ■one of the ten creditors, it must be on the assumption that property to the value of $9000 has paid debts to the amount of $10,000, which is impossible in the nature of things! So the result is, that to prevent the presumption of payment from being repelled, there must be proof that the debtor had property enough to pay all his debts! This is absurd, and shows that the argument is fallacious. The fallacy is in this : It is not supposed that $1000 can, in fact, pay debts to the amount of $10,000, or that $9000 can pay $10,000; but vffien a creditor lets his debt stand for ten years, during all which time nothing is said or done in regard to it, from public policy, the law raises a presumption that it has been paid, and gives to the lapse of time an
 
 a/i'tíficial and technical
 
 weight beyond that which it would naturally have as a mere circumstance bearing upon the question of payment.
 

 In our case the action was commenced in 1851: the plaintiff’s debt was reduced to judgment in 1820, (upwards of thirty .years): to repel the presumption, the plaintiff proved that in 1819, the intestate of the defendant had failed; indebted to the amount of $50,000 or $60,000, and was
 
 notoriously reputed to he entirely insolvent
 
 from that time till his death : that in 1S35, the Marshal of the United States had sundry executions against him, and after diligent search, was unable to find an}- property, and on application to the intestate, was told by him, that he had no property. The defendant then offered evi
 
 *159
 
 dence to show, that for 12 or 15 years before his death, his intestate had the
 
 ability
 
 and
 
 means
 
 to pay the debt sued for, and that the same might have been made either by
 
 fi. fa.
 
 or
 
 ca.
 
 sa.: Ilis Honor was of opinion, that conceding the proof made by the plaintiff to be sufficient (if standing alone and unexplained) to repel the presumption of payment, yet, “ if the jury were satisfied, that the intestate of the defendant had the ability and means to pay the debt sued for, although he could not pay any other of his debts, this fact took from the matter, proven by the plaintiff, its force and effect, so as to make it insufficient in law to repel the presumption of payment.” This is his Honor’s charge in substance, and we think it is in strict conformity to the law as held in
 
 Buie
 
 v.
 
 Buie.
 

 Whether the evidence that the intestate was
 
 “
 
 notoriously reputed to be entirely insolvent” from 1819, until his death, together with the other matters stated, was in law sufficient to repel the presumption of payment, we do not decide ; but we think it clear, that if the jury were satisfied that this
 
 notorious reputation of entire insolvency
 
 was unfounded, aud that in
 
 point of fact,
 
 the debtor, for twelve or fifteen years before his death, had the
 
 ability
 
 and
 
 means
 
 to pay the debt sued for, and that it might have been made by
 
 fi. fa.
 
 or
 
 ca. sa.,
 
 it was the duty of the court to instruct the jury that there wasno evidence to repel the presumption of payment. There is no error.
 

 Pee Cueiam. Judgment affirmed.